**RECEIVED**

In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

DEC 21 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| Anthony Von Longmore, #249617, ) | Civil Action No. 9:05-2112-MBS-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | OF THE MAGISTRATE JUDGE |
| State of South Carolina and ) | |
| Henry D. McMaster, Attorney ) | |
| General of South Carolina, ) | |
| ) | |
| Respondents. ) | |

## I. INTRODUCTION

The Petitioner, Anthony Von Longmore ("Petitioner" or "Longmore"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION



Longmore is presently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections. Longmore filed this Petition for a writ of habeas corpus (the "Petition") on July 13, 2005 against the State of South Carolina and Henry McMaster, the Attorney General of the State of South Carolina.[1] [1-1]. Longmore is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert.*

---

[1] Longmore has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of July 13, 2005. See Order filed on August 3, 2005 at p. 1, n.1.

*denied,* Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied,* 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied,* 475 U.S. 1088 (1986).

### III. PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions



During the September, 1997 term of the Court of General Sessions for Florence County, the grand jury returned an indictment against Longmore for two counts of murder; one count of armed robbery; and one count of conspiracy. (App. pp. 2154-2154A) The State served notice of intent to seek the death penalty. John M. Ervin, III, Esquire and Henry M. Anderson, Jr., Esquire were appointed to represent Longmore.

On May 4-11, 1998 the Petitioner received a jury trial before the Honorable Paul M. Burch and was found guilty of the charges. At sentencing, it was found beyond a reasonable doubt that there existed two aggravating circumstances (robbery while armed with a deadly

weapon, and two or more persons murdered by the defendant by one act or pursuant to one scheme or course of conduct. However, the jury recommended life imprisonment (App. 2029), and Longmore was sentenced to two consecutive life terms of confinement for the murders; thirty years, consecutive, for armed robbery; and five years, consecutive, for conspiracy. (App. 2029)

Petitioner timely filed a Notice of Intent to Appeal and an appeal was perfected on his behalf by Joseph L. Savitz, III, Esquire, of the South Carolina Office of Appellate Defense. On March 21, 2000, Petitioner submitted a Final Anders Brief[2] of Appellant and Petition to be Relieved as Counsel to the South Carolina Supreme Court, presenting the following issue for review:

> 1. The judge erred by instructing the jury that "[m]alice is implied where no excuse or legal provocation for the killing appears . . ." Since the jury was instructed on voluntary manslaughter and self-defense in addition to murder, this instruction in effect directed the jury to find appellant guilty of murder if they did not conclude he had acted in self-defense. (App. 2044)

On November 17, 2000, the South Carolina Supreme Court affirmed Longmore's conviction and sentence in State v. Longmore, Mem Op. NO. 2000-MO-137. (App. 2052-2053)

### B. Longmore's Application for Post-Conviction Relief

Longmore filed an application for post-conviction relief ("PCR") on January 19, 2001 and raised the following grounds for relief:



> A.  Ineffective Assistance of Trial Counsel;
>
> Failure to Object to Jury Charge on Malice. (App. 2056-2057)

The State made its Return on February 12, 2002. (App. 2095-2099) Troy Peters, Esquire, Assistant Public Defender, was appointed to represent Petitioner in his PCR action. PCR counsel filed a motion to amend on October 8, 2002, and alleged the following:

> The applicant was not provided effective assistance of counsel(s) in that Juror, #121 Billy Pierce, was not questioned about the impact of his becoming a victim of a crime, while he was a member of the Jury venire. (App. p. 2001)[3]

---

[2]  See Anders v. California, 386 U.S. 738 (1967).

[3]  Mr. Peters filed his Motion to Amend on the day of the hearing, but the Motion to amend also was made orally at the evidentiary hearing. The order of dismissal refers only to the oral motion to amend. (App. 2147)

Page 3 of 17

An evidentiary hearing was held on the matter on October 8, 2002, before the Honorable James E. Brogdon, Jr. (App. 2102) Prior to the hearing, the Petitioner, acting on his own behalf, attempted to amend his application and alleged the following issues, as set forth by Respondents:

- [B.] Ineffective Assistance of Trial Counsel;
  Failure to Submit a Lesser Included Charge;

- [C.] Ineffective Assistance of Trial Counsel;
  Failure to Object to Implied Malice Charge;

- [D.] Lack of Subject Matter Jurisdiction;
  Failure to Prove Malice;

- [E.] Invalid Notice Requires of Statutory Aggravating Factors;

- [F.] Trial Judge Erred by Failing to Direct Verdict.[4]

The amendments proffered by Longmore were rejected at the hearing because he was represented by counsel, and counsel did not adopt or offer the amendments. In so rejecting the amendments, the PCR judge relied on well-settled precedent that forbids hybrid representation. *See, e.g.,* Jones v. State, 348 S.C. 13, 14, 558 S.E.2d 517, 517 (2002) ("counsel cannot serve as a mere conduit for *pro se* documents."). (App. 2109) However, counsel's motion to amend was granted. (App. 2105) Counsel attempted to expand the issue to general complaints concerning other jurors, but Judge Brogdon declined to hear the argument because Respondents had not received notice. (App. 2111-2112) At the conclusion of the evidentiary hearing, Judge Brogdon took the matter under advisement. On February 21, 2003, an Order of dismissal was filed by Judge Brogdon. (App. pp. 2146-2153) Longmore appealed.

### C. Petitioner's Appeal to South Carolina Supreme Court

Assistant Appellate Defender Eleanor Duffy Cleary represented Longmore on appeal, and on January 2, 2004, timely filed a Petition for Writ of Certiorari on Petitioner's behalf. In his Petition, the following issue was raised:

> Whether the PCR court erred by denying post-conviction relief where petitioner demonstrated that counsel was ineffective for failing to object to the judge's erroneous jury instruction that "[m]alice is implied where no excuse or legal provocation for the killing appears" and that he was prejudiced by that ineffectiveness?

---

[4] *See* PCR Amendment by Petitioner, titled "P.C.R. Argument".

Page 4 of 17

The State filed its Return on Mary 18, 2004. On December 1, 2004, the South Carolina Supreme Court denied the Petition for Writ of Certiorari. The Remittitur was sent down on December 17, 2004.

## IV. FEDERAL COURT HISTORY

### A. Longmore's Petition for a Writ of Habeas Corpus

On July 13, 2005, Longmore filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth five (5) grounds for relief:

1. Trial counsel was ineffective for "failing to object" to the Trial Judge's unconstitutional jury charge on the inference of Malice, that was in fact, misleading and shifted the burden of proof to Petitioner during the trial.

2. Counsel's [sic] were not effective in assistancing [sic] him against the Solicitor's multiple count indictment prior to trial where the General Sessions Court lacked subject matter jurisdiction to try him on the indictment that was returned by the Grand Jury that "failed" to list the elements of the murder.

3. Petitioner asserts Appellate Counsel rendered ineffective assistance on appealing the conviction for two (2) counts of murder, where Petitioner right to the Appeals Court a full record of the preserved issues was denied, demonstrating that there is no "right" to Appeal in the same sense that ther[e] is a right to trial [sic]. Rather the Constitutional Right under Due-process clause is simply the right not to be denied an appeal on counsels for artitrary [sic] or capricious strategic tactial [sic] decision made by appellate counsel after review of the State capital case against petitioner, nor counsel cannot through it performance hinder petitioner as a criminal defendant attempt to exercise this right.

4. Denial of Procedural Due Process by Post Conviction Relief Counsel. . .South Carolina Supreme Court has made it mandatory, that post conviction attorneys make sure that all available grounds are raised in post conviction proceedings. Petitioner was denied to amend [sic] his application after being appointed counsel, and any amendment to his application had to be made by counsel. Thus, when counsel does not amend the application, the petitioner had no way to have all supporting grounds heard.

5. In this case, petitioner never received a complete "bite at the apple" because counsel on appeal PCR and writ of certiorari allowed the appeal PCR and writ to be summarily dismissed without a ruling on the amendments which was addressed in one of the lower courts order.[5]

Petitioner also filed a motion for appointment of counsel, which was denied by the undersigned by an Order filed on August 3, 2005. [4-1; 5-1] Also on August 3, 2005, the undersigned issued an Order which authorized service on the State of South Carolina and Henry McMaster (collectively, the "Respondents"), and notified Longmore of the change of address

---

[5] See Habeas Petition attachment at pp. 2-14.

rule. [7-1] In response to Longmore's Petition for habeas corpus relief, the Respondents timely filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment") on September 20, 2005. [9-1]

Also on September 20, 2005, the undersigned issued an Order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Longmore of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[6] [11-1] After Petitioner failed to respond, the undersigned issued an order on October 25, 2005 which allowed Petitioner an additional twenty (20) days in which to respond to the Respondents' Motion for Summary Judgment. [12-1] Thereafter, on November 15, 2005, Longmore filed a Response to the motion for summary judgment. [13-1]

## B. Standard for Determining a Motion for Summary Judgment

The determination of a motion for summary judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988).

---

[6] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

### C. Habeas Corpus Review

#### 1. The Antiterrorism and Effective Death Penalty Act

##### a. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).[7] The present habeas corpus petition was filed on July 13, 2005, and is timely under the AEDPA.

##### b. Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998), citing Wainwright v. Sykes, 433 U.S. 72 (1977); see also 28 U.S.C. § 2254(b). This Court's exhaustion



---

[7] The full text of Section 2244(d) is as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [8]



In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Just as the exhaustion doctrine requires that a claim be fairly presented to all appropriate state courts before it is raised in a Section 2254 petition, if a claim has not been presented but no state remedy remains available, the claim will be considered procedurally defaulted. Teague v. Lane, 489 U.S. 288 (1989). A claim that has been procedurally defaulted in state court usually will not be reviewed in a Section 2254 petition. A federal court will hear a procedurally defaulted claim only if the petitioner "'can demonstrate <u>cause</u> for the default <u>and actual prejudice</u> as a result of the alleged violation of federal law, or demonstrate that failure to consider the

---

[8] Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

claim[] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, 105 F.3d at 916, *quoting* Coleman v. Thompson, 501 U.S. at 750 (emphasis supplied by the undersigned). Unless a petitioner can demonstrate both "cause" and "prejudice", this Court will be procedurally barred from considering those claims that are procedurally defaulted. Daniels v. Lee, 316 F.3d 477, 486 (4th Cir. 2003).

Respondents concede that Petitioner pursued a timely direct appeal and fully exhausted his state PCR remedies. *See generally* Rule 203(b)(2), SCACR (ten (10) day limit in which to appeal after a conviction in court of general sessions); *see also* Gibson v. State, 329 S.C. 37, 42, 495 S.E.2d 426, 428 (1998) (the exhaustion of state PCR remedies requires "filing of an application, the rendering of an order admudicating the issues, and petitioning for, or knowingly waiving, appellate review.")

In the present case, Petitioner has pursued and exhausted all available remedies. *See* Rose v. Lundy, 455 U.S. 509, 522 (1982) ("a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.).

### 2. Review of Longmore's Habeas Allegations on the Merits

#### a. Ground One



Trial counsel was ineffective for "failing to object" to the Trial Judge's unconstitutional jury charge on the inference of Malice, that was in fact, misleading and shifted the burden of proof to Petitioner during the trial.

Respondents contend, and this court agrees, that Petitioner's first argument must be summarily dismissed because the evidence of record indicates that the state court did not improperly apply clearly established federal law, or base its ruling upon an unreasonable determination of the facts.

It is well-settled that a habeas petitioner must first exhaust his available state remedies before petitioning for federal habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A). To properly satisfy the exhaustion requirement, "a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Petitioner's first issue was raised before the PCR judge, ruled upon by the PCR judge, and raised in the appeal from denial of post-conviction relief. Thus, while the issue is properly presented in this action,

there is no error in the PCR judge's application of federal law on the facts as presented, and Petitioner is not entitled to relief.

A claim adjudicated on its merits in a state court proceeding cannot be a basis for federal grant habeas corpus relief unless that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See Daniels v. Lee, 316 F.3d 477, 485 (4th Cir. 2003), *quoting* 28 U.S.C. §§ 2254(d)(1) & (2); see also Byram v. Ozmint, 339 F.3d 203 (4th Cir. 2003).



With respect to the first prong of the analysis, the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). An "unreasonable application" of federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. Ramdass v. Angelone, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as Williams teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Bates v. Lee, 308 F.3d 411, 417 (4th Cir. 2002), *cert. denied*, 538 U.S. 1061 (2003), *quoting* Williams, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." Oken v. Corcoran, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in Williams

Page 10 of 17

"adopted" the holding in Green v. French, 143 F.3d 865, 870 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry).

Next, with respect to the second prong of the analysis, the proper analysis under Section 2254(d)(2) for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1).

In order for Petitioner to be entitled to relief on his ineffective assistance of counsel claim, Petitioner must show that the state court incorrectly applied federal law to his claim. In other words, Petitioner must show that contrary to the PCR judge's findings, (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) there exists a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1985). Petitioner bears the burden of establishing actual prejudice. Williams v. Taylor, 529 U.S. 362, 394 (2000)

In the present case, the PCR judge properly applied the Strickland error and prejudice test. (App. 2149) Thus, the only question remaining is whether the facts were unreasonably determined. The PCR judge found that there was no error in the charge to the jury. As there was no error in the charge, Petitioner has failed to show error and prejudice, and thus was not entitled to relief, a finding that is fully supported by the record. (App. 2150) The record reflects that the PCR judge reviewed the charge in question:

> The transcript reflects that at one point the trial judge did state that 'malice is implied' in the absence of legal provocation; however, the judge clearly charged that "such implications or inferences are not conclusive and the jury depending upon their view of the evidence may accept or reject same." (Tr. p. 1733, line 17 --- p. 1734, line 2). The suspect language is an isolated statement in the charge, without repetition or emphasis. I agree with Respondent that the phrase is either a simple misstatement, or perhaps a poorly recorded passage. The remainder of that particular passage charges the concept of permissive inferences, ending with the caution that such inferences need not be accepted by the jury. (Tr. p. 1733-1734). When reviewed in context, the isolated language cited by Applicant fails to establish the jury could have been misled by the jury instructions as a whole. Applicant is not entitled to relief.[9]

---

[9] *See* App. 2150.

The actual portion of the transcript referenced by the PCR judge reads as follows:

> Now let me speak with you about malice. Malice is a word suggesting wickedness, hatred, and determination to do what one knows to be wrong without just cause or excuse or legal provocation. Malice need not be in the mind of one doing the killing any particular length of time before the act of killing to render the killing murder. If it is present in the mind of the one doing the killing any length of time before the act, then its presence would be sufficient to render the killing of murder. Malice is said to be expressed where there is a manifested, a violent deliberate intention unlawfully to take away the life of another human being. Malice may be implied where one intentionally and deliberately does an unlawful act which he or she then knows to be wrong and in violation of his duty to another. Malice is implied where no excuse or legal provocation for the killing appears and when the circumstances attending the killing show in an abandoned heart, a malignant heart, fatally bent upon mischief. Such implications or inferences are not conclusive and the jury depending upon their view of the evidence may accept or reject the same.[10]

Respondents also note that the charges immediately following---those implying malice by use of a deadly weapon, and implying malice by proof of a killing committed during the course of a felony --- also carefully reflect a caution that the inferences are permissive only. *See* App. 1734-1735) Clearly, the record fully and fairly supports the PCR judge's factual determinations that the portion of the charge under scrutiny likely was either an error in recording or transcription, but otherwise was not harmful in light of the clear permissive inference charging language in the remainder of the charge. The PCR judge's determination of the facts are fairly and adequately supported by the record. Moreover, his determination of facts by review of the permissive inference portion of the charge is consistent with federal precedent.

Reviewing the whole of the charge instead of isolated sentences is a long held standard clearly announced by the United States Supreme Court. *See* Hamling v. United States, 418 U.S. 87, 107-108 (1974), *citing* Boyd v. United States, 271 U.S. 104, 107 (1926) ("We have frequently held that jury instructions are to be judged as a whole, rather than by picking isolated phrases from them."). *See also* Estelle v. McGuire, 502 U.S. 62, 72 (1991). The standard of review is whether there is "a reasonable likelihood" the jury unconstitutionally applied the suspect charge. *Id.* Importantly, this charge does not involve a repeated incorrect charge on a given concept. To the contrary, Petitioner's argument is based upon one portion of the charge regarding permissive inferences, the remainder of which is clearly correct. If this truly were an

---

[10.] *See* App. 1733-1735.

error, and not a typographic error, then the minor slip is of no import when viewed against the backdrop of the oft repeated correct standard. *See* United States v. Phipps, 319 F.3d 177, 190 (5th Cir. 2003) ("we rarely will reverse a conviction based on a district court's insignificant slip of the tongue"). *Compare* United States v. Heyman, 562 F.2d 316, 318 (4th Cir. 1977) ("When the charge is viewed as a whole, the emphasis the judge placed on his misstatement is apparent. The error occurred when he told the jury how it should apply the definition of obscenity to the facts in the case; it was not an isolated inaccuracy."); Perez v. Irwin, 963 F.2d 499, 502 (2d Cir. 1992) ("We agree that a charge read as a whole will often overcome the lapses or misstatements of the charging court. But not in this case. Here the impermissible definition of reasonable doubt was repeated three times, in conjunction with the instruction on the elements of each of the crimes charged."). However, in the present case, there is not a reasonable likelihood the jury would simply seize upon a single sentence of the permissive inference portion of the charge when the trial judge specifically, correctly, and repeatedly referenced the permissive inference standard in the remainder of that portion of the charge. Therefore, Petitioner cannot prove error and prejudice on this record, and the PCR judge properly found so. Strickland. Accordingly, the court finds no error.

### Ground Two



> Counsel's [sic] were not effective in assistancing [sic] him against the Solicitor's multiple count indictment prior to trial where the General Sessions Court lacked subject matter jurisdiction to try him on the indictment that was returned by the Grand Jury that "failed" to list the elements of the murder.

In order to qualify for federal habeas relief, a Petitioner must allege error based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). At first glance, it appears that Petitioner has presented such an issue as he phrases his challenge in terms of ineffective assistance. However, it is clear from the argument presented that Petitioner wishes to attack subject matter jurisdiction, and rests his argument on this issue. *See* Habeas Petition Attachment, at 5 and 6. Subject matter jurisdiction is a state law issue and not cognizable in this federal habeas action. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (jurisdiction is a

matter of state law); 28 U.S.C. § 2254(d)(1) (a habeas application shall not be granted unless the claim was based on an improper application of federal law). Therefore, Petitioner has failed to state a claim upon which relief maybe granted. To the extent the issue may be evaluated as counsel error, there is absolutely no basis for a finding of prejudice as this state recognizes jurisdiction as the "class of cases" a certain court may hear. State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005) (subject matter jurisdiction refers only to the class of cases a court may hear, not challenges to the allegations of the indictment). Petitioner's argument challenges the sufficiency of the allegations of the indictment; therefore, the issue is a notice issue, not an issue of subject matter jurisdiction. Indeed, Petitioner has not made a notice argument at all, but he attempts to defeat jurisdiction. Therefore, his argument wholly fails in proof of error and prejudice, and Petitioner would not be entitled to relief under Strickland.

### c. Ground Three

Petitioner asserts Appellate Counsel rendered ineffective assistance on appealing the conviction for two (2) counts of murder, where Petitioner right to the Appeals Court a full record of the preserved issues was denied, demonstrating that there is no "right" to Appeal in the same sense that ther[e] is a right to trial [sic]. Rather the Constitutional Right under Due-process clause is simply the right not to be denied an appeal on counsels for artitrary [sic] or capricious strategic tactial [sic] decision made by appellate counsel after review of the State capital case against petitioner, nor counsel cannot through it performance hinder petitioner as a criminal defendant attempt to exercise this right.

Petitioner's third ground for habeas corpus relief is totally without basis. The record shows that appellate counsel submitted the record for review in direct appeal according to the Anders procedure. (App. 7-8) In addition, the opinion dismissing the appeal reflects that the Supreme Court of South Carolina reviewed the record pursuant to the mandate of Anders. (App. 2052) Despite these facts, Petitioner argues in his Petition that appellate counsel failed to perfect an appeal. *See* Attachment to Petition at 7-10. Petitioner's argument is lacking any factual basis.

### d. Grounds Four and Five

4.  Denial of Procedural Due Process by Post Conviction Relief Counsel. . .South Carolina Supreme Court has made it mandatory, that post conviction attorneys make sure that all available grounds are raised in post conviction proceedings. Petitioner was denied to amend his application after being appointed counsel, and any amendment to his application had to be made by counsel. Thus, when counsel does not amend the application, the petitioner had no way to have all supporting grounds heard.

5.  In this case, petitioner never received a complete "bite at the apple" because counsel on appeal PCR and writ of certiorari allowed the appeal PCR and writ to be summarily

> dismissed without a ruling on the amendments which was addressed in one of the lower courts order [sic].

The undersigned will address the final two grounds of Petitioner's Petition together because each ground is barred by 28 U.S.C. § 2254(i), which states: "The ineffectiveness or incompetence of counsel during Federal or State Collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." *See* 28 U.S.C. § 2254(i). Accordingly, Petitioner's contentions that his PCR counsel was ineffective, for whatever reason, are without merit, because allegations of ineffective assistance of counsel during state post-conviction proceedings are not cognizable under Section 2254.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the Respondents' Motion for Summary Judgment **[9-1] be granted.**

_____
George C. Kosko
United States Magistrate Judge

December 20, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

**resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
