IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Anthony Von Longmore, #249617, ) | |
| ) | C/A No. 9:05-CV-2112-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| State of South Carolina and Henry ) | |
| McMaster, Attorney General for ) | |
| South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Anthony Von Longmore is an inmate in the custody of the South Carolina Department of Corrections. He is currently incarcerated in the Lee Correctional Institution in Bishopville, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on Respondents' motion for summary judgment filed September 20, 2005. By order filed September 20, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner failed to respond in a timely fashion. On October 25, 2005, the court ordered that Petitioner would have twenty days from the date of the order to respond to the motion for summary judgment and advised Petitioner that failure to do so would result in dismissal. Order, 1 (Entry 12). Petitioner filed a response to Respondents' motion for summary judgment on November 15, 2005.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. Magistrate Judge

Kosko issued a Report of Magistrate Judge on December 21, 2005, in which he recommended that Respondents' motion for summary judgment be granted. Report of Magistrate Judge, 9-15 (Entry 14). Petitioner filed objections to the Report of Magistrate Judge on February 2, 2006. Petitioner's Objection to Report and Recommendation (Entry 18-1).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## I. FACTS

The facts of this case are detailed at length in the Report of Magistrate Judge. Report of Magistrate Judge, 1-6 (Entry 14). Briefly, a jury convicted Petitioner on May 11, 1998 of two counts of murder, one count of armed robbery, and one count of conspiracy. Transcript of Trial Proceedings, App. 2029.[1] Petitioner was sentenced to two consecutive terms of life imprisonment

---

[1] The appendix filed in connection with the petition is five volumes. Throughout the instant order, the court cites both to the underlying document or transcript as well as to the cited reference's location in the appendix as "App. ___ ."

for the murders; thirty years, consecutive, for armed robbery; and five years, consecutive, for conspiracy. Id., App. 2039. Petitioner appealed his conviction and sentence, which were affirmed by the South Carolina Supreme Court on November 17, 2000 in State v. Longmore, Mem. Op. No. 2000–MO–137. Id., App. 2052-2053.

Petitioner next sought post-conviction relief ("PCR") on grounds set forth in his PCR application filed January 19, 2001, and subsequently amended. Application for Post-Conviction Relief, App. 2054-2061. An evidentiary hearing was held on the matter before the Honorable James E. Brogdon, Jr. on October 8, 2002. App. 2102. On February 21, 2003, Judge Brogdon filed an order of dismissal in which he denied Petitioner's PCR application. App. 2146-2153. Petitioner thereafter filed a petition for writ of certiorari to the South Carolina Supreme Court. Petition for Writ of Certiorari (Entry 1-2). The South Carolina Supreme Court denied the petition on December 1, 2004.

On July 13, 2005, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petition for Writ of Habeas Corpus, 1-6 (Entry 1-1). Petitioner alleged five grounds entitling him to relief: (1) trial counsel rendered ineffective assistance by failing to object to a jury charge regarding the inference of malice ("Ground One"); (2) the trial court lacked subject matter jurisdiction over the indictment, which did not list the elements of murder ("Ground Two"); (3) appellate counsel violated Petitioner's rights under the Due Process Clause by hindering Petitioner's attempt to exercise his right to appellate review ("Ground Three"); (4) PCR counsel denied Petitioner procedural due process because counsel refused to amend the PCR application filed by Petitioner ("Ground Four"); and (5) PCR counsel allowed the PCR application and writ of certiorari to the South Carolina Supreme Court to be prematurely dismissed ("Ground Five").

Attached Sheets to Petition from Grounds: A, B, C, D, E, and F, of the Original Petition, 1-15 (Entry 1-2).

After a thorough review of the applicable law, Magistrate Judge Kosko recommended that the court grant Respondents' motion for summary judgment. Report of Magistrate Judge, 15. First, Magistrate Judge Kosko dismissed Ground One because the PCR judge correctly applied federal law in determining that Petitioner failed to prove ineffective assistance of counsel since there was no error in the trial court's jury charge. Id. at 11. With respect to Ground Two, Magistrate Judge Kosko rejected Petitioner's argument as both a subject matter jurisdiction issue and an ineffective assistance of counsel claim. Id. at 13-14. Magistrate Judge Kosko found that subject matter jurisdiction is a state law issue not cognizable in an action for federal habeas relief. Id. at 13. Further, Petitioner was not entitled to relief under Strickland because he failed to prove error or prejudice. Id. Magistrate Judge Kosko dismissed Ground Three as lacking any factual basis because appellate counsel submitted the record for appellate review according to the proper procedure. Id. at 14. Magistrate Judge Kosko also dismissed Grounds Four and Five as being procedurally barred from review because the ineffectiveness of PCR counsel may not be a ground for habeas relief under 28 U.S.C. § 2254(i). Id. at 15.

## II. DISCUSSION

Petitioner did not object to Magistrate Judge Kosko's determination that Ground Three lacked any factual basis, nor did he challenge Magistrate Judge Kosko's finding that Grounds Four and Five were procedurally barred from review. In the absence of objections to the Report of Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.

Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court has thoroughly reviewed the Report and concurs in the recommendation of Magistrate Judge Kosko that summary judgment should be granted as to Grounds Three, Four, and Five. Accordingly, the claims before the court for review are as follows:

> Ground One: "Trial counsel was ineffective for 'failing to object' to the Trial Judge's unconstitutional jury charge on the inference of Malice, that was in fact, misleading and shifted the burden of proof to Petitioner during the trial." Attachment Sheets to Petition, 2.
>
> Ground Two: "Counsel's [sic] were not effective in assistancing [sic] him against the Solicitor's multiple count indictment prior to trial where the General Sessions Court lacked subject matter jurisdiction to try him on the indictment that was returned by the Grand Jury that 'failed' to list the elements of the murder." Id. at 5.

Petitioner's specific objections are discussed in turn.

The petition is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," id., "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or of if the state court decides a case differently than th[e] Court has on

5

a set of materially indistinguishable facts," Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), when the state court "identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. A state court's determination of a factual issue is presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. Id. The court's "review is . . . deferential because [the court] cannot grant relief unless the state court's result is legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

**A. Ground One: Ineffective Assistance of Counsel for Failing to Object**

Petitioner first asserts that Magistrate Judge Kosko erred in recommending a finding that trial counsel was not deficient for failing to object to the trial court's purportedly unconstitutional jury instructions. Petitioner argues that trial counsel's failure to object to the jury charge constitutes ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Objections, 2. The court disagrees.

When the ineffective assistance of counsel is alleged as a ground for relief in a PCR application, the applicant must show that: (1) "his counsel's performance fell below an objective standard of reasonableness," and (2) "he was prejudiced by counsel's deficient performance." Rollison v. State, 346 S.C. 506, 509 (2001) (citing Strickland, 466 U.S. 668; Brown v. State, 340 S.C. 590 (2000)). To succeed, Petitioner must overcome the "presumption that counsel's conduct

6

falls within the wide range of reasonable professional assistance." Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003) (quoting Strickland, 466 U.S. at 689). Petitioner must also demonstrate that he was prejudiced by trial counsel's deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

Here, Petitioner's claim is based on the trial judge's charges to the jury. During a lengthy explanation of the elements of murder, the trial judge defined "malice." The actual portion of the transcript as referenced by the PCR judge reads as follows:

> Now let me speak with you about malice. Malice is a word suggesting wickedness, hatred, and determination to do what one knows to be wrong without just cause or excuse or legal provocation. Malice need not be in the mind of the one doing the killing any particular length of time before the act of killing to render the killing murder. If it is present in the mind of the one doing the killing any length of time before the act, then its presence would be sufficient to render the killing of murder. Malice is said to be expressed where there is a manifested, a violent deliberate intention unlawfully to take away the life of another human being. Malice may be implied where one intentionally and deliberately does an awful act which he or she then knows to be wrong and in violation of his duty to another. Malice is implied where no excuse or legal provocation for the killing appears and when the circumstances attending the killing show an abandoned heart, a malignant heart, fatally bent upon mischief. Such implications or inferences are not conclusive and the jury depending upon their view of the evidence may accept or reject the same.

Transcript of Trial Proceedings, App. 1733-1735.

Petitioner asserts that the statement "[m]alice is implied where no excuse or legal provocation for the killing appears" constitutes an unconstitutional charge because it amounts to an impermissible "conclusive presumption," Objections, 5, and "has the ability to confuse a jury into shifting the burden of proof from the shoulders of the prosecution, to that [sic] of the Petitioners," id. at 4. Petitioner cites a wide range of case law from the United States Supreme Court and the

South Carolina Supreme Court for the proposition that jury charges creating mandatory presumptions are unconstitutional.[2] Objections, 4-9. Petitioner contends that trial counsel had the opportunity and cause to make an objection to the jury charge. Id. at 2. Petitioner argues that his attorney's failure to object constitutes ineffective assistance of counsel because "[h]ad trial counsel objected . . . it is believed that the outcome would have been more favorable to [Petitioner]." Id. at 7-8.

The PCR judge thoroughly reviewed the constitutionality of the jury instructions on malice. Order Denying Post-Conviction Relief, 4-5 (Entry 1-2). The PCR judge noted that a reviewing court must consider jury instructions as a whole when evaluating them for the possibility of error and that the test for determining the propriety of the charge is "what a reasonable juror would have understood the charge to mean." Id. at 5. He then carefully reviewed the suspect sentence in the charge:

> The suspect language is an isolated statement in the charge, without repetition or emphasis. I agree with Respondent that the phrase is either a simple misstatement, or perhaps a poorly recorded passage. The remainder of that particular passage charges the concept of permissive inferences, ending with the caution that such inferences need not be accepted by the jury. (Tr. P. 1733-1734). When reviewed in context, the isolated language cited by Applicant fails to establish the jury could have been misled by the jury instructions as a whole.

Id. Ultimately, the PCR judge found that there was "no reasonable probability the jury was misled

---

[2] See, e.g., Francis v. Franklin, 471 U.S. 307, 314, 318 (1985) (holding that certain instructions creating a mandatory presumption of intent upon proof of other elements of an offense violate the Due Process Clause of the Fourteenth Amendment because it impermissibly shifts the burden of proof to defendants); Sandstrom v. Montana, 442 U.S. 510, 524 (1979) (holding that in a case where intent is an element of the crime charged, an instruction that a person is presumed to intend the ordinary consequences of his voluntary acts violates the Due Process Clause of the Fourteenth Amendment because it impermissibly shifts the burden of proof to defendant); State v. Elmore, 308 S.E.2d 781, 784 (S.C. 1983) (holding that a jury instruction charging the presumption of malice from the use of a deadly weapon constituted an unconstitutional mandatory presumption rather than a permissive inference).

by what appears to be a misstatement by the judge." Id. Thus, because the charge as a whole was not erroneous, Petitioner failed to meet his burden of proving that his trial counsel was deficient for failing to object. Id. at 4.

In the court's view, the PCR judge's ruling that Petitioner was not denied effective assistance of counsel with respect to this issue was neither contrary to, nor involved an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d). The PCR judge correctly cited and applied the Strickland standard for ineffective assistance of counsel claims and conducted the appropriate level of review when evaluating the constitutionality of the jury charge. Order Denying Post-Conviction Relief, 4, 5. As Magistrate Judge Kosko noted, "there is not a reasonable likelihood the jury would simply seize upon a single sentence of the permissive inference portion of the charge, when the trial judge specifically, correctly, and repeatedly referenced the permissive inferences standard in the remainder of that portion of the charge." Report of Magistrate Judge, 13. Similarly, the court finds that the record does not support Petitioner's contention that his attorney's failure to object to the jury charge amounted to ineffective assistance of counsel, as the PCR judge properly found. Accordingly, the court finds no error.

Likewise, the PCR judge's ruling was not based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." See 28 U.S.C. § 2254(d). The record fully supports the PCR judge's factual determinations that the suspect sentence in the charge was either an error in recording or transcription that was otherwise outweighed by the clearly permissive inference charging language in the remainder of the charge. Throughout the jury instructions with respect to murder, the trial judge repeatedly emphasized that the inferences regarding malice were permissive. See, e.g., Transcript of Trial Proceeding, App. 1722-1755

("Malice may be implied," App. 1733, 1734; "Such implications or inferences are not conclusive and the jury depending upon their view of the evidence may accept or reject the same," App. 1733-1734; "The inference of malice would simply be an evidentiary fact to be taken into consideration by you, the jury, along with other evidence in the case and you may give it such weight as you determine it should receive," App. 1734-1735). Based on this record, the PCR judge's finding that Petitioner had not met his burden of proof was not factually unreasonable. Accordingly, the court finds no error.

**B. Ground Two: Lack of Subject Matter Jurisdiction & Ineffective Assistance of Counsel**

Petitioner next contends that Magistrate Judge Kosko erred in his analysis of Ground Two of Petitioner's original request for habeas relief. The court disagrees. Magistrate Judge Kosko found that Petitioner failed to state a claim upon which relief may be granted. Report of Magistrate Judge, 14. Specifically, Magistrate Judge Kosko noted that, under 28 U.S.C. § 2254(a), Petitioner was required to allege a violation of federal law to qualify for federal habeas relief. Report of Magistrate Judge, 13. Magistrate Judge Kosko found that, although Petitioner attempted to present Ground Two as an ineffective assistance of counsel challenge, "it is clear from the argument presented that Petitioner wishes to attack subject matter jurisdiction, and rests his argument on this issue." Id. Citing federal case law, Magistrate Judge Kosko found that "subject matter jurisdiction is a state law issue and not cognizable in this federal habeas action." Id.

Magistrate Judge Kosko also addressed Petitioner's challenge to the indictment as a possible ineffective assistance of counsel argument. Magistrate Judge Kosko found that "[t]o the extent the issue may be evaluated as counsel error, there is absolutely no basis for a finding of prejudice as this state recognizes jurisdiction as the 'class of cases' a certain court may hear." Id. at 14. Magistrate

Judge Kosko considered Petitioner's challenge as one to "the sufficiency of the allegations of the indictment," which amounted to an issue of notice. Id.  Accordingly, Magistrate Judge Kosko found that Petitioner was not entitled to relief because he showed neither error or prejudice as required under Strickland.  Petitioner objects to Magistrate Judge Kosko's characterization of Ground Two of the habeas petition as an attack solely on the subject matter jurisdiction of the trial court due to a faulty indictment. Objections, 9-16.  Petitioner alleges that his murder indictment was inadequate because it did not specify the place where the crimes took place, in violation of S.C. Code Ann. § 17-19-30.[3]  Id. at 12.  Petitioner asserts that under state law in effect at the time the PCR application was filed, "the trial court would have lacked subject matter jurisdiction to entertain an insufficient or defective indictment." Id. at 9.  Petitioner avers that under State v. Gentry, 610 S.E.2d 494 (S.C. 2005), current state law "placed the burden of challenging any defect or insufficiency of an indictment upon the shoulders of trial counsel . . . . If the issue is not presented, prior to the swearing of the jury, then trial counsel will be held accountable in a PCR proceeding." Objections, 10.  Essentially, Petitioner argues that the subject matter jurisdiction claim is now moot, but that the alleged inadequacy of the indictment "creates a ripeness for an ineffective assistance of counsel issue." Id. at 11.

If Petitioner's claim is a challenge to the trial court's subject matter jurisdiction based on the alleged insufficiency of the indictment, the argument lacks merit under current state law.  In Gentry, 610 S.E.2d 494, the South Carolina Supreme Court ruled that indictment challenges do not affect the

---

[3]S.C. Code Ann. § 17-19-30 provides: "Every indictment for murder shall be deemed and adjudged sufficient and good in law which, in addition to setting forth the time and place, together with a plain statement, divested of all useless phraseology, of the manner in which the death of the deceased was caused, charges that the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased."

11

subject matter jurisdiction of the trial court.  See also United States v. Cotton, 535 U.S. 625 (2002) (holding that a defective indictment does not deprive a court of jurisdiction).  Thus, even assuming that the indictment was insufficient, the trial court retained subject matter jurisdiction over the action.  Additionally, Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue.  See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (jurisdiction is a matter of state law).  Because federal habeas relief is only available when the alleged error was based on a "violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), the subject matter jurisdiction argument must fail.

Petitioner's argument also lacks merit if the court interprets Ground Two as an ineffective assistance of counsel claim.[4]  As Magistrate Judge Kosko found, Petitioner has not proven error or prejudice as required by Strickland as the result of trial counsel's failure to object to the alleged lack of subject matter jurisdiction or the purportedly insufficient indictment.  Under South Carolina law, subject matter jurisdiction refers to the class of cases a court may hear and remains unaffected by challenges to an indictment.  Gentry, 610 S.E.2d at 499.  Petitioner is unable to prove prejudice because the court retained subject matter jurisdiction irrespective of his allegedly insufficient indictment.  It is axiomatic that failure to raise a meritless objection cannot serve as a ground for

---

[4]The issues raised in this section are the same as those raised by Petitioner in his motion to amend.  Notice of Motion to Amend to Conform to the Evidence, 1-6 (Entry 17).  Petitioner argues that, under Fed. R. Civ. P. 15(b), the court should allow him to amend Ground Two of the habeas petition such that it will raise an ineffective assistance of counsel claim rather than a subject matter jurisdiction claim.  Id. at 6.  Such an amendment is unnecessary because the original habeas petition already characterizes Ground Two as an ineffective assistance of counsel claim. Attached Sheets to Petition, 5.  Petitioner specified that he would show "Counsel's [sic] were not effective in assistancing [sic] him against the Solicitor's multiple count indictment . . . that 'failed' to list the elements of the murders." Id.  Accordingly, Magistrate Judge Kosko analyzed the claim as a challenge to both subject matter jurisdiction and ineffective assistance of counsel.

ineffective assistance of counsel. Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994). Thus, Petitioner's claim does not satisfy the Strickland standard. The court finds no error in Magistrate Judge Kosko's ruling.

### III.  CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it by reference. For the reasons stated herein and in the Report of Magistrate Judge, Respondents' motion for summary judgment (Entry 9) is **granted;** Petitioner's motion to amend (Entry 17) is **denied;** and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

    /s/ Margaret B. Seymour  
Margaret B. Seymour  
United States District Judge

Columbia, South Carolina

September 26, 2006

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**